28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. REECE, Defendant-Appellant.
 No. 93-1059.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1994.
 
 Before SEYMOUR, Chief Judge, LOGAN, and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Mr. Ronald Reece appeals his conviction after a jury trial on four counts: one count of conspiring to defraud the Internal Revenue Service (IRS) in violation of 18 U.S.C. 286, and three counts of aiding and abetting and filing false, fictitious and fraudulent claims with the IRS in violation of 18 U.S.C. 287 and 2. On appeal, he claims that the district court erred in denying his motion to suppress evidence seized from his prison cell, that prosecutorial misconduct denied him a fair trial, and that the district court committed plain error by not granting his motion to dismiss because he was denied his right to a speedy trial. We affirm.
 
 
 2
 In Hudson v. Palmer, 468 U.S. 517, 526 (1984), the Supreme Court held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Mr. Reece urges this court to carve out an exception to this general principle based on the facts of his case. During the relevant time period, Mr. Reece was an inmate at Shadow Mountain Correctional Facility in Colorado, serving a sentence on unrelated state charges. Prison officials specifically searched Mr. Reece's cell for bank documents at the request of the IRS. The search was not routine, nor related to prison security.
 
 
 3
 Mr. Reece bases his argument in part on the Second Circuit's exception to the rule in United States v. Cohen, 796 F.2d 20 (2d Cir.), cert. denied, 479 U.S. 854 (1986), and 479 U.S. 1055 (1987). This exception, however, was created to cover situations where a pretrial detainee's cell is searched by non-prison officials for non-security related reasons. Id. at 23-24. Because Mr. Reece is not a pretrial detainee, he is not entitled to an exception on this basis. Nor do we find any other reason for an exception in this case. "[P]risoners [have] no legitimate expectation of privacy in their prison cells, and accordingly [have] no interest against even an unreasonable search of their cells." Dunn v. White, 880 F.2d 1188, 1191 (10th Cir.1989), cert. denied, 483 U.S. 1059 (1990). We affirm the district court's denial of Mr. Reece's motion to suppress.
 
 
 4
 Mr. Reece next argues that prosecutorial misconduct during all phases of his trial denied him a fair trial. He concedes that any one of the incidents of alleged prosecutorial misconduct that he describes would not be reversible error. He contends, however, that cumulatively the incidents deprived him of a fair trial. Mr. Reece raised this issue at the conclusion of his trial below. The court considered the trial as a whole, including the alleged misconduct, remarks made by Mr. Reece, and curative instructions, and found that Mr. Reece had not been denied a fair trial.
 
 
 5
 In order to find that prosecutorial conduct constitutes reversible error, we must determine that the conduct was improper and that the error was not harmless. United States v. Lonedog, 929 F.2d 568, 572 (10th Cir.), cert. denied, 112 S.Ct. 164 (1991). We will not overturn a conviction unless, looking at the trial record as a whole and disregarding harmless errors, the prosecutorial misconduct influenced the jury to convict the defendant on grounds beyond the admissible evidence presented. United States v. Pena, 930 F.2d 1486, 1491 (10th Cir.1991). We have reviewed the record and Mr. Reece's allegations of prosecutorial misconduct, and do not find reversible error.
 
 
 6
 Mr. Reece's last argument is that the district court committed plain error by not dismissing his indictment under the Speedy Trial Act, 18 U.S.C. 3161(STA). Before trial, Mr. Reece filed a motion to dismiss based on an alleged violation of the Interstate Agreement on Detainers (IADA). The court denied his motion, finding that not only had Mr. Reece waived his speedy trial rights under the IADA, a determination he now concedes, but that good cause was shown for the court to grant reasonable continuances under the Act.
 
 
 7
 Because Mr. Reece did not allege a violation of the STA below, we review the district court's failure to dismiss the indictment under the Act for plain error. In order to find plain error, we first must find that an error has been committed, that the error is clear or obvious, and that it affected substantial rights. United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993).
 
 
 8
 The Speedy Trial Act requires that a defendant's trial commence within seventy days from the filing date of the indictment, or from the defendant's first appearance before a judicial officer of the court, whichever occurs last. 18 U.S.C. 3161(c)(1). Delay that results from the filing of any pretrial motion, through the disposition of the motion, is excluded from computations under the STA. Id. 3161(h)(1)(F). In addition, delay resulting from a continuance granted by a judge is also excluded if the judge "granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. 3161(h)(8)(A). The judge must set forth his reasons for these findings. Id.
 
 
 9
 On February 7, Mr. Reece appeared before the Magistrate Judge for the first time. On March 3, he filed a motion to extend the time for filing pretrial motions. On March 13, the court granted this motion. On the same day, Mr. Reece specifically waived his right to a speedy trial. On April 1, he filed the first of sixteen pretrial motions and responses, which were all eventually decided by the court by June 24.
 
 
 10
 On July 31, the district court held a status conference. At that time, the court suggested several trial dates, which Mr. Reece and his advisory counsel rejected for religious reasons. The court then suggested December 7 as a trial date and the parties agreed to it. On November 10, Mr. Reece filed his motion to dismiss under the IADA. The court denied the motion on November 25. In its order, the court found that Mr. Reece had waived his IADA rights, and that "Reece rejected earlier trial dates. Also, Reece needed extra time to prepare for trial because he is in custody and he is representing himself. Thus, at the July 31, 1992 status conference good cause was shown to exist to continue trial of this case." Rec., vol. 2, doc. 34 at 2.
 
 
 11
 When Mr. Reece waived his speedy trial rights under the IADA, he did not waive his rights under the STA. See United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir.) (defendant cannot unilaterally waive rights under provisions of STA), cert. denied, 113 S.Ct. 2940 (1993). It is not clear or obvious, however, that the STA was violated in this case. Many of the days from February 7 to July 31 can be excluded from the STA calculation due to the filing and pendency of pretrial motions. See 18 U.S.C. 3161(h)(1)(F). It is also not clear that the delay from July 31 to December 7 was not an "ends of justice" continuance granted by the court. See id. 3161(h)(8)(A). The court did not make the specific "ends of justice" findings required by the STA, see id., but Mr. Reece did not raise the issue below. The court did state that it granted the continuance to give Mr. Reece sufficient time to prepare his case and because Mr. Reece had rejected earlier dates due to religious reasons. Given these circumstances, we cannot say that the district court committed plain error by failing to dismiss Mr. Reece's indictment under the Speedy Trial Act.
 
 
 12
 The district court's decision is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470